FILED by ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 MAY -5 AM 10:19

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| TERRY VICKERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 04-2427 Ml/An |
| | ) |
| CITY OF MEMPHIS, MEMPHIS FIRE | ) |
| DEPARTMENT, and MIKE LAMBERT, | ) |
| Individually and in his | ) |
| official capacity, and EDDIE | ) |
| MORGAN, Individually, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PORTIONS OF COMPLAINT**

Before the Court is Defendants' Motion to Dismiss Portions of Complaint, filed on September 15, 2004. Plaintiff filed an opposition on October 4, 2004. Defendants filed a reply on October 15, 2004. Plaintiff filed a response to Defendants' reply on December 16, 2004.[1] For the following reasons, Defendants' Motion to Dismiss is DENIED.

I. BACKGROUND

This case arises from the allegations of Plaintiff Terry Vickers that he was subjected to harassment, a hostile work environment, and disparate treatment by Defendants upon returning from military service in Iraq, in violation of the Uniform

---

[1] Plaintiff is hereby granted leave to file his response to Defendants' reply.

Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 et seq.[2] Plaintiff is a firefighter and paramedic for the Memphis Fire Department and a reservist for the Tennessee Air National Guard. According to his Complaint, Plaintiff was subjected to disparate treatment, harassment and a hostile work environment after he returned from military service, including being called "derogatory ethnic names because of his military service" and "repeatedly being referred to as 'HABIB.'" (Pl.'s Compl. ¶¶ 8,9.) Defendants move to dismiss Plaintiff's claims that he was harassed and subjected to a hostile work environment pursuant to Federal Rule of Civil Procedure 12(b)(6) because USERRA purportedly does not provide a cause of action for such claims.

## II.   STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court

---

[2] Plaintiff's Complaint does not specify when he served in Iraq.

may dismiss a [claim under 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

### III. ANALYSIS

Defendants contend that the USERRA does not provide a cause of action for claims of harassment and hostile work environment. Plaintiff contends that the USERRA's prohibition against discrimination regarding the "benefits of employment" includes a right to be free from harassment and a hostile work environment and that certain of Defendants' work policies have created a right to be free from such conduct.

The stated purposes of the USERRA are:

> (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service;
>
> (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and
>
> (3) to prohibit discrimination against persons because of their service in the uniformed services.

38 U.S.C. § 4301. The USERRA specifically prohibits the denial of "any benefit of employment by an employer" to members of uniformed services "on the basis of that membership ...

3

performance of service ... or obligation." 38 U.S.C. § 4311(a).[3] The term "benefit of employment" is defined as follows:

> [A]ny advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2). An employer violates the USERRA if an employee's "membership ... service ... or obligation for service in the uniformed services is a motivating factor in the employer's [adverse] action, unless the employer can prove that the action would have been taken in the absence of such membership ... service ... or obligation for service...." 38 U.S.C. § 4311(c)(1).

Although the USERRA clearly prohibits an employer from discriminating against an employee with respect to a benefit of employment on the basis of that employee's military status, the

---

[3] 38 U.S.C. § 4311 (a) provides:
A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.
38 U.S.C. § 4311(a).

4

USERRA does not specifically prohibit an employer from subjecting an employee to harassment or a hostile work environment due to the employee's military status. The parties dispute whether the freedom from a hostile work environment or harassment is contemplated within the term "benefit of employment" in the USERRA.

The parties do not point to, and the Court has not found through its own research, a decision of any United States District Court or Court of Appeals addressing the question of whether freedom from a hostile work environment or harassment is contemplated within the term "benefit of employment" in the USERRA.[4] However, in <u>Monroe v. Standard Oil Co.</u>, 613 F.2d 641,

---

[4] Although the parties cite the unpublished decision of the Ninth Circuit Court of Appeals in <u>Church v. City of Reno</u>, No. 97-17097, 168 F.3d 498, 1999 WL 65205 (9th Cir. Feb. 9, 1999), the Court in <u>Church</u> did not reach the question of whether a hostile work environment claim is cognizable under the USERRA. The <u>Church</u> decision arose in the context of the asserted violation of a consent decree whereby a party agreed not to violate the USERRA. <u>Church</u>, 1999 WL 65205 at *1. Because the USERRA does not specifically include the freedom from a hostile work environment in the definition of "benefit of employment" and neither the Supreme Court nor any Court of Appeals had interpreted the USERRA to create liability for hostile work environment harassment, the Court found that the defendant could not be held in contempt for violating the decree for allowing an allegedly hostile work environment. <u>Id.</u>
  The parties also point to <u>Miller v. City of Indianapolis</u>, 281 F.3d 648, 653 (7th Cir. 2002)(finding, without analyzing whether such a cause of action exists under the USERRA, that a plaintiff's allegations were insufficient to establish that any such harassment was sufficiently severe or pervasive to state a claim of harassment or hostile work environment under the USERRA), which does not address the specific question at issue.

645 (6th Cir. 1980), the United States Court of Appeals for the Sixth Circuit construed the precursor statute to the USERRA, the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 2022 et seq. (1980). Rather that protecting servicemembers from discrimination regarding "benefits of employment," the VRRA protected reserves from discrimination regarding "incidents or advantages of employment." 38 U.S.C. § 2021(b)(3)(1980). In interpreting that term, the Court found:

> The protection afforded by this section is purely derivative. It is intentionally framed in general terms to encompass the potentially limitless variation in benefits of employment that are conferred by an untold number and variety of business concerns. But, just as the property rights protected by the Due Process Clause of the Fourteenth Amendment can only be ascertained by looking outside the Amendment to state law, we read section 2021(b)(3) to protect only those employment benefits that a reservist can establish exist at his place of employment. In establishing their existence, incidents or advantages of employment must be ascertained by reference to employment rules or employer practices at the employer's business establishment.

Monroe, 613 F.2d at 645. The Court finds the above analysis persuasive and adopts its reasoning in the context of a claim of discrimination under the USERRA. The Court will therefore look to the Defendants' employment policies to determine whether Plaintiff has alleged the deprivation of a benefit which he can establish existed at his place of employment. Plaintiff's claims of harassment and hostile work environment under USERRA may therefore proceed if he can establish the existence of an

employment policy that prohibits the type of conduct about which he complains.[5]

Defendants nonetheless contend that no cause of action for harassment or hostile work environment claims exists under USERRA. In <u>Petersen v. Department of Interior</u>, 71 M.S.P.R. 227, No. NY-3443-95-0610-I-1 (July 19, 1996), however, the Merit Systems Protection Board ("MSPB") concluded that harassment based upon prior military service violated the USERRA. Specifically, the Board in <u>Peterson</u> found that:

> Just as Congress sought to prohibit discrimination on various bases in Title VII, Title IX, the Rehabilitation Act, and the ADA, it sought through USERRA, 'to prohibit discrimination against persons because of their service in the uniformed services.' 38 U.S.C. § 4301(a)(3). Based on the broad interpretation that Congress intended be given to USERRA and the well-established principle that discrimination encompasses hostile environment claims, we conclude that harassment on account of prior service in the uniformed services, which is sufficiently pervasive to alter the conditions of employment and create an abusive working environment, is a violation of 38 U.S.C. § 4311(a).

<u>Id.</u> The Court finds the Board's findings persuasive and adopts its conclusion that the USERRA provides a cause of action for harassment due to prior military service. However, in order to

---

[5] Although Plaintiff points to such a policy in his Response to Defendant City of Memphis' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, filed December 16, 2004, the Court has not considered this document in reaching its decision on Defendants' motion to dismiss because it is outside the pleadings. The Court in this order decides only the question of whether a cause of action exists for harassment or hostile work environment under the USERRA.

succeed on such a claim, Plaintiff must establish that the employer's conduct was "sufficiently pervasive to alter the conditions of employment and create an abusive working environment," Id., and that Plaintiff is entitled to such a benefit of employment by virtue of an employer policy. See Monroe, 613 F.2d at 645.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's harassment and hostile work environment claims is DENIED.

SO ORDERED this 5 day of May, 2005.

*[signature]*

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 2:04-CV-02427 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

---

Louis P. Britt
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Darrell J. O'Neal
LAW OFFICE OF DARRELL J. O'NEAL
2129 Winchester
Memphis, TN 38116

Honorable Jon McCalla
US DISTRICT COURT